*694 OPINION.
Smith:
The taxpayer was incorporated on or about November 1, 1917, with an authorized capital stock of $500,000, all of which was issued to the members of a predecessor partnership in exchange for assets. The partnership had tangible assets of a current cash value of $562,265.20 and liabilities of $147,446.87, or net book assets of $414,815.33. It also had certain intangible assets the cash value of which has not been alleged or proven. The tangible assets were paid in to the taxpayer corporation in exchange for its $500,000 capital stock; the intangible assets were paid in at the same time and under the same contract of sale, and, in payment therefor, the taxpayer agreed to assume all the outstanding liabilities of the partnership, of an admitted amount of $147,446.87. In its income-tax return for the four-month fiscal period ended February 28, 1918, the' taxpayer claimed invested capital of $562,262.20 for the purpose of computing its tax liability under both the Eevenue Acts of 1917 and 1918. The Commissioner has excluded from this amount $147,446.87 in determining the excess-profits tax liability under the Eevenue Act of 1918, such action being predicated upon the Commissioner’s interpretation of section 331 of such Act. The taxpayer alleges error upon this point.
Section 331 of the Eevenue Act of 1918 reads as follows:
In the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest or control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if *695 such asset had not been so transferred or received: Provided, That if such previous owner was not a corporation, then the value of any asset so transferred or received shall be taken at its cost of acquisition (at the date when acquired by such previous owner) with proper allowance for depreciation, impairment, betterment or development, but no addition to the original cost shall be made for any charge or expenditure deducted as expense or otherwise on or after March 1, 1913, in computing the net income of such previous owner for purposes of taxation.
The contention of the taxpayer is that the contract of November 1,1917, under which the assets of the partnership were paid in to the taxpayer corporation, is a severable or divisible contract; that the tangible assets of a current cash value of $562,262.20 were paid in to the corporation in exchange for its $500,000 capital stock; that the intangible assets of the partnership were purchased for cash and that the paid-in capital of the corporation (tangibles in the amount of $562,262.20), was not affected by the transaction resulting in the acquisition of the intangibles; that section 331 of the Revenue Act of 1918 applies to and limits the determination of invested capital where assets are paid in for shares of stock, and that, in the instant case, since the good will was not paid in for shares of stock, section 331 has no application. ' .
We think it is not material to determine whether the contract of November 1, 1917, is an entire contract or a severable contract. The ruling of the Board would have to be the same in either case. The facts are that the partnership had assets of a net value of $414,815.33. It could not value those assets at any greater amount if it were computing its own invested capital. We think that section 331 is a complete bar to any greater value in the computation of the corporate invested capital. In Appeal of Baker, Hamilton & Pacific Co., 2 B. T. A. 1, we stated with respect to the interpretation of this provision of the 1918 law:
It is clear from the sections of the statute quoted above that two purposes are designed to be accomplished, among others, namely, that the taxpayer shall not include in invested capital any borrowed capital, and that, for the purpose of determining invested capital, a taxpayer which is the result of a reorganization after March 3, 1917, shall not by virtue of such reorganization obtain any advantage by comparison with the invested capital which would be allowed to a predecessor had no such reorganization taken place.
The situation is the same when a business carried on by a partnership is incorporated after March 3, 1917, and an interest or control in the property of 50 per cent or more remains in the same individuals. In the instant appeal a 100 per cent interest in the property transferred to the corporation remained in the same individuals.